UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR aka MARCELLUS GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>JESSICA SANTIAGO, et al.,<br><br>Defendants. | 1:16-cv-01504-AWI-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE AMENDED COMPLAINT**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

**I.     BACKGROUND**

Marvellous Afrikan Warrior aka Marcellus Greene ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2016, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

Plaintiff's Complaint is now before the court for screening.

**II.    SCREENING REQUIREMENT**

The in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently housed at Coalinga State Hospital in Coalinga, California, where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Jessica Santiago, Sodhi, Myron, and unspecified Doe Defendants.

A summary of Plaintiff's allegations follow.[1] On September 30, 2016, defendant Santiago told others to harass Plaintiff by doing a so-called locker search and sweep of Plaintiff's property under the pretense of looking for the dayroom remote control. Defendants Myrun and Sodhi took all of Plaintiff's deodorant and threw away his packaged Ivory soaps. They did not leave a room search receipt. Defendants conspired against Plaintiff out of retaliation. Plaintiff was mocked and "Jessica said, 'U know how to write very well and I'm always right.'" (ECF No. 1 at 3 ¶11.) Plaintiff almost clashed with defendant Myron "when he responded to a 'Red Light' and the other is no better whereas he said he 'takes pleasure in busting up a mother*** rapist.'" (ECF No. 1 at 3 ¶12.) Defendants act out of false pretenses and then type up false reports.

Plaintiff requests monetary damages, declaratory relief, and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

---

[1] In the Complaint, Plaintiff refers to Exhibit "A" concerning packages sent to Plaintiff with food and items to care for himself. (ECF No. 1 at 4 ¶14.) However, the exhibit was not attached to the Complaint.

3

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Verbal Harassment or Threats

Plaintiff alleges that Defendants harassed him. Mere verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); accord Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). Threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a claim for mere verbal harassment or threats.

### B. Personal Property – Due Process

Plaintiff alleges that Defendants took some of his personal property when they were conducting a search under false pretenses. It is beyond dispute that civil detainees have a protected interest in personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). In this context, the Due Process Clause protects [Plaintiff] from being deprived of their property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, while

an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent or "unauthorized intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1983).

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that defendants Myrun and Sodhi, under the direction of defendant Santiago, took all of Plaintiff's deodorant and threw away his packaged Ivory soaps, to harass Plaintiff, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law.

**C.      Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5

(E.D. Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that Defendants conspired to harass him, out of retaliation. The Complaint alleges that Defendants led a search of Plaintiff's room and seized some of Plaintiff's personal property.

Plaintiff has satisfied the first element of a retaliation claim, because confiscating his property qualifies as an adverse action. Rhodes, 408 F.3d at 568. Plaintiff has also satisfied the fifth element, because pursuant to his allegations, the action did not reasonably advance a legitimate correctional goal. However, Plaintiff fails to satisfy the second, third, and fourth elements of his retaliation claim. Plaintiff has not alleged that he was retaliated against because of any protected conduct, or that Defendants' retaliatory acts would chill a reasonable person's exercise of his First Amendment rights. Therefore, Plaintiff fails to state a claim for retaliation.

### D. State Law Claims

Plaintiff alleges that his rights were violated under tort law and Title 15, which are California state laws. Violation of state tort law, state regulations, rules and policies of the Department of State Hospitals, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's state law claims fail.

### E. Eighth Amendment

Plaintiff seeks to bring a claim under the Eighth Amendment. As with criminal arrestees or pretrial detainees, Lumley v. City of Dade, Florida, 327 F.3d 1186, 1196 (11th Cir. 2003), a civilly-detained individual can assert a conditions-of-confinement claim only under the Fourteenth Amendment's guarantee of "substantive due process," not the Eighth Amendment's prohibition on cruel and unusual punishment. Jones v. Blanas, 393 F.3d 918, 931–32 (9th Cir. 2004); see also Force v. Hunter, 2009 WL 2407838, *3 (C.D.Cal. July 29, 2009) ("[C]ivil detainees enjoy constitutional protection under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment, which analogously protects prisoners—from state facilities' imposition of restrictions and other general conditions of confinement that do not reasonably serve a legitimate, non-punitive government objective."), aff'd on other grounds, 401 F. App'x 175 (9th Cir. 2010). The Fourteenth Amendment is more protective than the Eighth Amendment and protects a civil detainee from punishment, not only from cruel and unusual punishment. See Jones, 393 F.3d at 931.

Therefore, Plaintiff may not bring a claim under the Eighth Amendment.

### F. Conspiracy

Plaintiff alleges that Defendants conspired to harass him and violate his rights. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi, 839 F.2d at 626. Plaintiff must allege that Defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the

conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the allegation that Defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any claim upon which relief may be granted under § 1983. The court will dismiss the Complaint for failure to state a claim and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the First Amended Complaint within thirty days.

The First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he filed the Complaint, October 6, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each

defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a First Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01504-AWI-GSA-PC; and
5. If Plaintiff fails to file a First Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __August 23, 2017__               __/s/ Gary S. Austin__
                                                             UNITED STATES MAGISTRATE JUDGE