UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVELLOUS AFRIKAN WARRIOR aka MARCELLUS GREENE,<br><br>       Plaintiff,<br><br>   vs.<br><br>JESSICA SANTIAGO, et al.,<br><br>       Defendants. | 1:16-cv-01504-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 10.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I.    BACKGROUND

Marvellous Afrikan Warrior aka Marcellus Greene ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On October 6, 2016, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

The court screened the Complaint pursuant to 28 U.S.C. 1915A and issued an order on August 23, 2017, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.)  On September 18, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (ECF No. 10.)

## II.    SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief

may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," <u>Doe I v. Wal-Mart Stores, Inc.</u>, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusion are not. <u>Iqbal</u>, 556 U.S. at 678. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal</u>, 556 U.S. at 678; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. <u>Id.</u>

## III.     SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently detained at Coalinga State Hospital in Coalinga, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as

///

2

defendants three psychiatric technicians: Jessica Santiago, Sodhi, and Myron (collectively, "Defendants"). Plaintiff's allegations follow.

On September 30, 2016, during a search of Plaintiff's property (which was conducted allegedly to look for a remote control that was supposed to remain in the dayroom), defendants Myron and Sodhi were witnessed confiscating and disposing of (throwing away) all of Plaintiff's deodorants and Ivory soaps. Defendants Myron and Sodhi were acting under the direction of defendant Santiago to conduct the intentional and unauthorized search where these items were confiscated and disposed of.

Plaintiff was retaliated against with the search and seizure because of complaints he made against defendants Santiago, Myron, and Sodhi, both verbal and in writing within a two to three month period prior to the search and seizure.

In combination with the constitutional violations addressed herein, Plaintiff brings forth the violation of the Eighth Amendment, or in effect, the Fourteenth Amendment due to his legal status as a civil detainee.

Each defendant conspired together to violate Plaintiff's rights knowing they were doing so, and Santiago knew she was violating Plaintiff's Fourth Amendment rights as well as his statutory rights by orchestrating the search and seizure that eventually transpired. Santiago ordered defendants Myron and Sodhi to conduct the search and they knew they were violating Plaintiff's rights, as they were well known to them.

Plaintiff requests monetary damages, injunctive relief, and declaratory relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

///

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

## A.    Personal Property – Due Process – Fourteenth Amendment

Plaintiff alleges that Defendants took some of his personal property when they were conducting a search under false pretenses. It is beyond dispute that civil detainees have a protected interest in personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). In this context, the Due Process Clause protects [Plaintiff] from being deprived of his property

without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, neither negligent or "unauthorized intentional deprivations of property give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 n. 14 (1983).

California law provides an adequate post-deprivation remedy for any property deprivations. <u>See</u> Cal. Gov't Code §§ 810-895; <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17 (9th Cir. 1994). The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. <u>State v. Superior Court of Kings County (Bodde)</u>, 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with California's Government Claims Act. <u>State v. Superior Court</u>, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; <u>Mangold</u>, 67 F.3d at 1477; <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that defendants Myron and Sodhi, under the direction of defendant Santiago, took all of Plaintiff's deodorant and packaged Ivory soaps and threw them away in order to harass Plaintiff, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore the court finds that Plaintiff's property claim is not cognizable under both federal and state law.

///

---

[1] Formerly known as the California Tort Claims Act. <u>City of Stockton v. Superior Court</u>, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

## B.      Fourth Amendment – Civil Detainee

"[T]he Fourth Amendment right of people to be secure against unreasonable searches and seizures" extends to both prisoners and civil detainees such as SVPs. Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997) (quoting Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988)); Serna v. Goodno, 567 F.3d 944, 948-49 (8th Cir. 2009). "The reasonableness of a particular search is determined by reference to the [detention] context." Michenfelder, 860 F.2d at 332. There are concerns that mirror those that arise in the prison context: e.g., 'the safety and security of guards and others in the facility, order within the facility and the efficiency of the facility's operations.'" Andrews v. Neer, 253 F.3d 1052, 1061 (8th Cir. 2001)).

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose condition of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982). A civil detainee "is entitled to protections at least as great as those afforded to a civilly committed individual and at least as great as those afforded to an individual accused but not convicted of a crime." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). Nevertheless, civilly committed persons can "be subjected to liberty restrictions 'reasonably related to legitimate government objectives and not tantamount to punishment.'" Serna, 567 F.3d at 949 (quoting Youngberg, 457 U.S. at 320-21).

For the Fourth Amendment to apply, there must be a "reasonable expectation of privacy in the area invaded." Houx v. Koll, No. 1:15-CV-00146-LJO, 2015 WL 4138967, at *4 (E.D. Cal. July 8, 2015), subsequently aff'd in part, rev'd in part, 671 F. App'x 445 (9th Cir. 2016) (quoting Espinosa v. City and County of San Francisco, 598 F.3d 528, 533 (9th Cir. 2010); Hudson, 468 U.S. at 525; Bell v. Wolfish, 441 U.S. 520, 556–57, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). The contours of an involuntarily confined civil detainee's right to privacy in his room in a secure treatment facility are unclear, but assuming Plaintiff retains *any* reasonable expectation of privacy at all in his living area at Coalinga State Hospital, it would necessarily be of a diminished scope given Plaintiff's civil confinement. Houx, 2015 WL 4138967 at *4; see Bell, 441 U.S. at 556–57 (discussing detainee's expectation of privacy in cell or room at

detention facility); see also Pesci v. Budz, No. 2:12–cv–227–FtM–29SPC, 2012 WL 4856746, at *6 (M.D.Fla. Oct.12, 2012) (civil detainee did not have a reasonable expectation of privacy in his dormitory); Rainwater v. Bell, No. 2:10–cv–1727 GGH P, 2012 WL 3276966, at *11 (E.D.Cal. Aug. 9, 2012) (finding, on summary judgment, that civil detainee did not have a reasonable expectation of privacy in his jail cell); Pyron v. Ludeman, Nos. 10–3759 (PJS/JJG), 10–4236 (PJS/JJG), 2011 WL 3293523, at *6 (D.Minn. Jun.6, 2011) (finding motion to dismiss should be granted because a search of a civil detainee's personal items in his cell does not violate the Fourth Amendment), report and recommendation adopted in full, 2012 WL 1597305 (D.Minn. Jul. 29, 2011); Riley v. Doyle, No. 06–C–574–C, 2006 WL 2947453, at *5 (W.D.Wis. Oct.16, 2006) (civil detainee denied leave to proceed on Fourth Amendment claim arising out of repeated contraband searches because there is no reasonable expectation of privacy in avoiding routine cell inspections and searches); but see Hoch v. Tarkenton, No. 1:10–cv–02258–DLB PC, 2013 WL 1004847, at *2 (E.D.Cal. Mar. 13, 2013) (finding cognizable Fourth Amendment claim arising from contraband search of civil detainee's hospital room); Stearns v. Stoddard, No. C11–5422–BHS–JRC, 2012 WL 1596965, at *3 (W.D.Wash. Apr. 11, 2012) (recognizing that whether a civil detainee housed in a secure facility has any expectation of privacy in his room is an open question and finding entitlement to summary judgment on Fourth Amendment claim based on qualified immunity), report and recommendation adopted in full, 2012 WL 1597305 (W.D.Wash. May 7, 2012).

While Plaintiff is not serving time as a convicted criminal, he is involuntarily serving a civil commitment term or awaiting civil commitment proceedings at a secure facility, and he is not a free individual with a full panoply of rights. Hoch v. Mayberg, 1:10-CV-02258-AWI), 2014 WL 897034 at *5 (E.D.Cal., Mar. 6, 2014), report and recommendation not adopted in full, on other grounds, 2014 WL 2091244 (E.D.Cal, May 15, 2014). Maintaining facility security and effectively managing the facility are unquestionably legitimate, non-punitive government interests. Id. (citing Jones, 393 F.3d at 932 (quotation marks omitted)).

Plaintiff's allegations that his living area was subject to a search to look for a remote control that was supposed to remain in the dayroom, fail to state a cognizable claim for relief.

Plaintiff's allegations simply do not demonstrate or support a plausible finding that the September 30, 2016, search was unreasonable. Plaintiff does not allege that Defendants acted with deliberate indifference or cruelty, that they were attempting to punish Plaintiff, or that they exhibited a pattern of searching his cell without cause and confiscating his property. Moreover, Plaintiff does not allege that he suffered any harm except the loss of deodorant and soap. Thus, even if a reasonable expectation of privacy in Plaintiff's room can be established, Plaintiff has failed to allege sufficient facts to reflect an unreasonable search of his living area. Rotroff v. Ahlin, 1:13-cv-02017-LJO-MJ (PC), 2015 WL 1119539 at *6 (E.D.Cal. Mar. 11, 2015); see, e.g., Bell, 441 U.S. 520, 557 (1979) ("No one can rationally doubt that room searches represent an appropriate security measure ….") Accordingly, the court finds that Plaintiff fails to state a cognizable Fourth Amendment claim.

### C. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); and Short v. Sanzberro, 2009 WL 5110676, *5 (E.D.Cal. Dec. 18, 2009) ("Civil detainees are protected from retaliation by the First Amendment."). "Within the [detention] context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that [inmate's] protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that Defendants conspired to harass him out of retaliation. The First Amended Complaint alleges that Defendants led a search of Plaintiff's room and seized some of Plaintiff's personal property because he had made written and verbal complaints against

defendants Santiago, Myron, and Sodhi, within a two to three month period prior to the search and seizure.

Plaintiff has satisfied the first element of a retaliation claim because confiscating his property qualifies as an adverse action. Rhodes, 408 F.3d at 568. Plaintiff has also satisfied the third element by alleging that he participated in protected conduct when he made written complaints against defendants Santiago, Myron, and Sodhi. Furthermore, Plaintiff has satisfied the fifth element because pursuant to his allegations, confiscating Plaintiff's property did not reasonably advance a legitimate correctional goal. However, Plaintiff fails to satisfy the second element of his retaliation claim, that the adverse action was taken *because* of his protected conduct.

Plaintiff's allegations, that he made complaints against defendants within a two or three month period prior to the confiscation of his property, are not sufficient to demonstrate that Plaintiff was retaliated against *because* of his complaints. "Retaliation is not proven by simply showing that a defendant ... took adverse action after he knew that the plaintiff prisoner had engaged in constitutionally protected activity." Herrick v. Quigley, No. 315CV05016RBLKLS, 2016 WL 7324288, at *9 (W.D.Wash. Nov. 2, 2016), report and recommendation adopted, No. 315CV05016RBLKLS, 2016 WL 7243784 (W.D.Wash. Dec. 15, 2016) (quoting Estrada v. Gomez, 1998 WL 514068, at *3 (N.D.Cal. Aug. 13, 1998). Rather, "[o]ne must look at the overall circumstances of the alleged retaliation, and not simply at the order of events." Estrada, 1998 WL 514068, at *3. "A 'plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially show that the protected conduct was a "substantial" or "motivating" factor in the defendant's decision.'" Berman v. Sink, No. CV F 13-0597 LJO SAB, 2013 WL 2360899 at *7 (E.D.Cal. May 29, 2013) (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,1314 (9th Cir. 1989); CarePartners, LLC v. Lashway, 545 F.3d 867, 877 (9th Cir. 2008), cert. denied, 129 S.Ct. 2383 (2009). Thus, "timing alone cannot establish retaliation." Estrada, 1998 WL 514068, at *3 (noting the Ninth Circuit has found that "[c]ircumstances suggestive of retaliation include comments indicating vindictiveness and lack of alternative purpose.") (citing cases).

Therefore, the court finds that Plaintiff fails to state a claim for retaliation.

**D.      Fourteenth Amendment – Conditions of Confinement**

Plaintiff seeks to bring a claim under the Fourteenth Amendment.  Civil detainees enjoy constitutional protection under the Fourteenth Amendment's Due Process Clause—not the Eighth Amendment, which analogously protects prisoners—from state facilities' imposition of restrictions and other general conditions of confinement that do not reasonably serve a legitimate, non-punitive government objective.  Force v. Hunter, No. CV0502534SGL(RZ), 2009 WL 2407838, at *3 (C.D.Cal. July 29, 2009), aff'd, 401 F. App'x 175 (9th Cir. 2010); Cf. Bell, 441 U.S. at 538–39 (discussing rights of pretrial criminal detainees); Hare v. City of Corinth, 74 F.3d 633, 644–48 (5th Cir. 1996).  The same Clause also bars particular acts or omissions by facility staff that are done with deliberate indifference or cruelty.  Force, 2009 WL 2407838, at *3; (citing see Hare, 74 F.3d at 645–48 (distinguishing Bell in such situations based on DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 198–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) (indicating that, whether source of detained person's rights is Fourteenth Amendment or Eighth Amendment, the rationale for applying a governmental duty to aid confined persons was the same for both criminals and civil detainees))).  The Fourteenth Amendment is more protective than the Eighth Amendment and protects a civil detainee from punishment, not only from cruel and unusual punishment.  See Jones, 393 F.3d at 931.

Plaintiff's allegations do not rise to the level of a Fourteenth Amendment violation.  Plaintiff alleges that Defendants searched his room for a missing remote control and confiscated his deodorants and Ivory soaps.  There are no allegations in the First Amended Complaint showing that Defendants acted with deliberate indifference or cruelty, that they were attempting to punish Plaintiff, or that they exhibited a pattern of searching his cell without cause and confiscating his property.  Moreover, Plaintiff does not allege that he suffered any harm except the loss of deodorant and soap.  Under these allegations, Plaintiff fails to state a constitutional claim.  Not every injury sustained while in custody represents a constitutional violation.  See Morgan, 465 F.3d at 1045.

Therefore, the court finds that Plaintiff fails to state a claim for adverse conditions of confinement under the Fourteenth Amendment.

### E. <u>Conspiracy</u>

Plaintiff alleges that Defendants conspired to harass him and violate his rights. In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi</u>, 839 F.2d at 626. Plaintiff must allege that Defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the allegation that Defendants entered into an agreement or had a meeting of the minds to violate Plaintiff's constitutional rights. Therefore, the court finds that Plaintiff fails to state a claim for conspiracy.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court should dismiss this case with prejudice for failure to state a claim.

Plaintiff should not be granted leave to amend. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The

court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.  This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2.  The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __February 11, 2018__                 _____**/s/ Gary S. Austin**
                                               UNITED STATES MAGISTRATE JUDGE